**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:19-cv-02581-DDD-SKC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

v.

GOLLNICK CONSTRUCTION, INC. d/b/a Colorado Excavating,

     Defendant.

---

**ORDER GRANTING JOINT MOTION
FOR ENTRY OF CONSENT DECREE**

---

Before the Court is the parties' Joint Motion to Enter Consent Decree and for Administrative Closure, Subject to the Terms of the Consent Decree [Doc. 11]. Having considered the motion and applicable law, and having reviewed the proposed consent decree, the Court approves the proposed decree and grants the parties' motion.

## BACKGROUND

Plaintiff Equal Opportunity Employment Commission brings claims for damages and injunctive relief pursuant to the public enforcement provisions of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12117, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, based on a charge of discrimination filed by Dora Marquez, an individual with a seizure disability. [*See generally* Compl., Doc. 1.] The EEOC alleges that Defendant Gollnick Construction, Inc., doing business as Colorado Excavating, refused to provide reasonable accommodation to Ms. Marquez; reduced Ms. Marquez's hours because of her disability

and/or the need to provide reasonable accommodation; discharged Ms. Marquez because of her disability and/or the need to provide reasonable accommodation; and violated ADA recordkeeping and confidentiality requirements. [*See id.*] The parties move for entry of a consent decree that will resolve all claims and issues in the case. [Mot. for Consent Decree, Doc. 11.]

## APPLICABLE LAW

Before entering a consent decree, a district court "must ensure that the agreement is not illegal, a product of collusion, or against the public interest," and that "the decree is fair, adequate, and reasonable." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991). A consent decree must serve to resolve a dispute within the court's subject-matter jurisdiction, must come within the general scope of the case made by the pleadings, and must further the objectives of the law upon which the complaint was based. *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). And, a consent decree must comply with Federal Rule of Civil Procedure 65(d). *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996). Rule 65(d) requires that every order granting injunctive relief must "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(A)-(C).

## DISCUSSION

In this case, both parties are represented by counsel, nothing in the record suggests unfairness in the parties' negotiations, and the terms of the proposed consent decree appear to be fair, reasonable, and consistent with the public interest and the objectives of the ADA and the Civil Rights Act. And, the proposed consent decree complies with

Rule 65(d). Accordingly, the Court approves the proposed decree, which will be entered by separate order.

## CONCLUSION

For the foregoing reasons, it is ORDERED that:

The parties' Joint Motion to Enter Consent Decree and for Administrative Closure, Subject to the Terms of the Consent Decree [Doc. 11] is GRANTED. The Court approves and adopts the Consent Decree [Doc. 11-1], which will be entered separately as an order of the Court;

The Clerk of Court shall ADMINISTRATIVELY CLOSE this case, subject to reopening for good cause, pursuant to Local Civil Rule 41.2; and

The parties' Joint Motion to Vacate Scheduling Conference and Stay Case Pending Resolution of Joint Motion to Enter Consent Decree [Doc. 13] is DENIED AS MOOT.

DATED: November 26, 2019

BY THE COURT:

Hon. Daniel D. Domenico