**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02581-DDD-SKC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

GOLLNICK CONSTRUCTION, INC. d/b/a COLORADO EXCAVATING,

      Defendant.

---

## CONSENT DECREE

---

### I.  RECITALS

**1.**      This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Gollnick Construction, Inc. d/b/a Colorado Excavating ("Colorado Excavating" or "Defendant") violated Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), by denying employment opportunities to Dora Marquez because of her disability and/or the need to accommodate her disability.

**2.**      The Parties to this Decree are the Plaintiff EEOC and Defendant Colorado Excavating.

**3.**      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject

1

matter of this action and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

6.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III.  TERM AND SCOPE

7.      **Term:**  The duration of this Decree shall be three years from the date of signing by the Court.

8.      **Scope:**  The terms of this Decree shall apply to Defendant and all facilities operated by Defendant in Colorado.

## IV.  ISSUES RESOLVED

9.      This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADA that arise from Charge of Discrimination Number 541-2018-01556, filed by Dora Marquez.

**10.**     Defendant and its officers, agents, employees, successors, and all other

persons in active concert or participation with any of them will not interfere with the

relief herein ordered, but shall cooperate in the implementation of this Decree.

### V.  MONETARY RELIEF

**11.**     Defendant shall pay the amount of $42,500.  This amount shall be payable to

Dora Marquez as specified in Paragraph 13 below.

**12.**     Defendant will not condition the receipt of individual relief upon Dora Marquez's

agreement to: (a) maintain as confidential the terms of this Decree or the facts of the

case; (b) waive her statutory rights to file a charge with any federal or state anti-

discrimination agency; or (c) promise not to reapply for a position at any facility of

Colorado Excavating.

**13.**     To resolve these claims, Defendant shall pay a total of $42,500 to Dora

Marquez, allocated as follows: (a) back pay in the amount of $21,250 and (b) non-

pecuniary compensatory damages in the amount of $21,250.  Payments designated

"back pay" shall be reported on IRS Form W-2.  Defendant shall be responsible for

paying its share of payroll taxes for "back pay" and in accordance with either a newly

submitted W-4 or the most recent W-4 on file with Defendant, withholding applicable

payroll taxes owed by the payee.  Otherwise, payments to Dora Marquez shall be for

"non-pecuniary compensatory damages" only.  Payments designated as "non-

pecuniary compensatory damages" include compensatory damages allowed by the

Civil Rights Act of 1991, 42 U.S.C. § 1981a, for emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other such losses, and

these "non-pecuniary compensatory damages" shall be reported on IRS Form 1099 by Defendant and shall not be subject to withholdings.

**14.**     The monetary relief shall be paid to the payee at the address provided by the EEOC as follows. Within 20 calendar days after the Court's entry of the Consent Decree, Defendant shall mail a check to payee in the amount of $21,250, the entirety of which shall be allocated as non-pecuniary compensatory damages. The back pay, in the total amount of $21,250, shall be paid in three monthly gross installments of $7,083.33, with the first installment due on the first Friday of the month following 30 calendar days after payment of the non-pecuniary damages, and with each subsequent installment payment due on the first Friday of each subsequent month.

**15.**     Late fees shall accrue at the rate of $10 per day. If Defendant is delinquent more than 30 days on any payment, judgment shall enter in favor of the payee in the amount of $50,000 plus all amounts due on the remaining scheduled payments.

**16.**     Within three business days after payments are mailed to the payee, Defendant's counsel shall submit to EEOC a copy of the checks issued.

## VI. OTHER INDIVIDUAL RELIEF

**17.**     To the extent necessary, Defendant shall expunge from Dora Marquez's personnel files (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to Dora Marquez's participation in this action.

## VII.  EQUITABLE RELIEF

### A.    *Injunctive Relief*

4

**18.**     Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates based on an individual's disability, including terminating employees who have a seizure disorder or a history of seizures without engaging in the interactive process. Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the ADA; Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action.  Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B.     *ADA Policy*

**19.**     Within 60 calendar days after entry of this Decree, Defendant shall, in consultation with an outside advisor experienced in the area of employment law, create a policy proscribing discrimination based on an individual's disability,

proscribing retaliation against any employee who opposes discrimination, requests accommodation for disability, or files a charge of discrimination; stating affirmatively that Defendant will provide reasonable accommodation for employees with disabilities; and providing a procedure for employees to request accommodation.

**20.** Defendant's policy will state that it will consider qualified applicants with disabilities for employment. The policy will also state that Defendant will conduct an individualized assessment of any such applicant or employee by evaluating his or her ability to perform any given position's essential job duties/functions, with or without reasonable accommodation, in compliance with the ADA.

**21.** The ADA policy will include an explanation of the process of requesting accommodation for a disability, including contact information for the person or persons who receive or coordinate any requests for accommodation. As to all managers or other officials who in any way have responsibilities for accepting or processing requests for accommodation, the policy must set forth the role of each manager or official for considering accommodation for employees and job applicants. The policy must provide guidance on how to determine what is a reasonable accommodation.

**22.** The ADA policy will explain Defendant's mandatory participation in the interactive process with each applicant/employee who seeks accommodation, or who Defendant is aware may need accommodation, for a disability. The policy will include a commitment that the interactive process must include, at minimum, an interactive dialogue and good-faith communications with the applicant/employee to determine what, if any, modification or accommodation could be reasonably provided to the

applicant/employee that would enable the applicant/employee to perform his or her

essential job functions with or without an accommodation. The policy will explain that

Defendant will seek qualified medical opinions as appropriate, in compliance with the

ADA.

**23.**     The ADA policy will include a provision explaining that, after engaging in the

interactive process of accommodation, if Defendant determines that an applicant or

employee is not qualified or creates a direct threat to himself/herself or others,

Defendant will explain in writing to the applicant or employee how it arrived at this

determination and provide the applicant or employee with the opportunity to discuss

and rebut this determination.

**24.**     The ADA policy shall contain a description of the consequences, up to and

including termination, that shall be imposed upon violators of the policy, and an

assurance of non-retaliation against persons and witnesses who report to Defendant

that they believe they or other employees have been subjected to unlawful

discrimination and/or who have asked for accommodation for disability.

**25.**     Defendant shall post and keep posted for the duration of this Decree, in each of

its facilities in a conspicuous place frequented by employees, a copy of the ADA

policy.

**C.      Policy Regarding Complaints or Reports of Alleged Discrimination**

**26.**     Within 60 calendar days after entry of this Decree, Defendant shall, in

consultation with an outside advisor experienced in the area of employment law,

create a policy encouraging employees to report any conduct believed to be

7

discriminatory, and that such reports of alleged discriminatory conduct will be subjected to a full and fair investigation.  The mechanism for reporting discrimination shall be posted and distributed by Defendant.  The method by which employees shall report discrimination shall be set forth in the policy to include explicit instructions for making such reports.

27.     Defendant's policy will state that it shall promptly, reasonably, and appropriately investigate all complaints of discrimination.  The investigation must include, at a minimum, the following:  (a) documentation of the complaint; (b) a finding of whether discrimination occurred; (c) a credibility assessment as appropriate; (d) interviews of all potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; (e) a review of all documents which might shed light on the allegation, where such exist; (f) contemporaneous notes of the investigation and conclusions; and (g) contemporaneous notes of all corrective and remedial measures where discrimination is found.  Defendant shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators, and to eradicate the discrimination as appropriate.

28.     Defendant shall not retain documents related to investigation of alleged discrimination in any of the complainant's personnel files.  These documents instead must be retained in a separate secure location.  All disciplinary actions taken against employees for violation of anti-discrimination policies will be retained in the violator's personnel file.  In those cases in which no conclusion could be reached on the

allegations, the investigation documents shall remain in the alleged violator's file indefinitely.

**D.     Recordkeeping Policy**

**29.**     Within 60 calendar days after entry of this Decree, Defendant shall, in consultation with an outside advisor experienced in the area of employment law, create a recordkeeping system and policy that at minimum complies with Defendant's obligations under 29 C.F.R. § 1602.14, including preservation of applications.

**30.**     The recordkeeping policy will also include a provision or provisions to prevent commingling of medical records in employee personnel files and to keep such medical records confidential pursuant to Section 102(d)(3)(B) of the ADA.

**31.**     Within 75 calendar days of the Court's entry of this Decree, Defendant shall provide copies of policies described in Sections B, C, and D above to all employees, and will provide the policies to newly-hired employees within 10 days of their hire. Within 80 calendar days of the Court's entry of this Decree, Defendant shall forward a copy of the policies to the Commission and a letter indicating that the policies have been distributed.

**E.     Training**

**32.**     Each year of this Decree, Defendant shall provide EEO and ADA training for all its employees, according to the terms specified below. Under this provision, employees will be trained at a minimum in the following areas: (a) understanding the kind of conduct which may constitute unlawful discrimination or harassment, including disability discrimination and discrimination against individuals because of the need to

accommodate; (b) Defendant's ADA policy, including the process for requesting accommodation; (c) Defendant's procedures for handling disability accommodation requests and the interactive process; (d) Defendant's policy and procedures for reporting alleged discrimination; (e) the penalties of engaging in discriminatory behavior; and (f) Defendant's non-retaliation policy. All training under this Paragraph shall be at Defendant's selection and expense.  Training will be conducted live and in-person by an outside vendor experienced in the area of employment law. The training will be conducted as follows:

32.1.  **Non-managerial Employees:**  Defendant will provide non-managerial employees annual training sessions each year of this Decree at all its Colorado locations.  Each training session for non-managerial employees shall be at least two hours in duration.  Each training session will provide an overview of the ADA and other anti-discrimination laws enforced by EEOC and anti-retaliation provisions in those laws.   Attendance will be mandatory for every employee on the days of such training.  This annual training session will include a focus on disability discrimination, including prohibitions on discrimination because of an individual's disability or the need to accommodate. The first annual training provided to non-managerial employees under this Decree will include at least 30 minutes of Epilepsy 101 training provided at no cost by the Epilepsy Foundation of Colorado.

32.2.  **Managerial, Supervisory, and Human Resources Employees:**

Defendant will require all individuals who work in a managerial, supervisory, or

human resources capacity to receive at least three hours of training annually

regarding the ADA and other federal anti-discrimination laws.  One of the three

hours must directly address disability discrimination, including discrimination

against individuals with seizure disorder or a history of seizures, with special

emphasis on the responsibility for employers to provide reasonable

accommodations and engage in the interactive process.  30 minutes of the

training must be instruction in recordkeeping compliance and the proper methods

of receiving, communicating, investigating (where applicable), and ameliorating

discrimination, including the proper procedures for documenting and preserving

evidence of discrimination, archiving the corporation's investigation of

complaints, as well as detailing the consequences and result of the investigation

where discrimination is found.  The first annual training provided to managerial,

supervisory, and human resources employees under this Decree will include at

least one hour of Epilepsy 101 training provided at no cost by the Epilepsy

Foundation of Colorado. Defendant shall emphasize with managerial,

supervisorial, and human resources employees that due to their position of

power, such employees (a) must be particularly vigilant not to discriminate,

whether consciously or because they rely on subconscious stereotypes; (b) must

be sensitive of how their actions or words might be perceived by subordinate

employees; and (c) must avoid the temptation to retaliate against an employee

because a complaint is made, or might be made, against them.  Additionally,

Defendant will require employees who are newly hired or recently promoted into

a managerial, supervisory, or human resource position to complete the requisite three hours of training within 60 calendar days of being hired or promoted into a managerial or supervisory position.

**33.**     Defendant agrees that the first such training session for each employee group identified in the Paragraphs above will take place within 90 calendar days after the Court's entry of this Decree.  Defendant agrees that all of its personnel shall both register and attend the training sessions.

**F.      Notice Posting**

**34.**     Within ten business days after the Court's entry of this Decree, Defendant shall post in each of its facilities in Colorado, in a conspicuous place frequented by employees, the Notice attached as Exhibit A to this Decree.  The Notice shall be in a similar type and style as set forth in Exhibit A, but enlarged to 16 inches by 24 inches. The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within 10 calendar days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

**G.      EEO Compliance as a Component of Management Evaluation**

**35.**     Defendant shall, within 60 calendar days of the entry of this Consent Decree, and at least continuously for the duration of this Decree, develop and implement a management evaluation and compensation system which includes EEO compliance, compliance with policies and laws prohibiting discrimination and retaliation, and

compliance with this Decree, as factors which shall be used to evaluate all managerial employees and employees responsible for accommodation and termination decisions at the covered facilities.  Defendant shall also, within 60 calendar days of the Court's entry of this Decree, and continuously for the duration of this Decree, advise Defendant's managerial officials that any monetary bonuses these managers may be eligible for during this Decree are subject to reductions based on established non-compliance with EEO policies and procedures, policies and laws prohibiting retaliation, and this Decree.

### H. Record Keeping and Reporting Provisions

**36.**     For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

**36.1.**  Applications;

**36.2.**  Personnel files;

**36.3.**  Payroll records;

**36.4.**  Work schedules;

**36.5.**  All records documenting employee terminations;

**36.6.**  All documents regarding requests for accommodation and records documenting the interactive process and efforts to provide any such accommodation, including records reflecting what accommodations were considered and what accommodations were provided; and

**36.7.**   Complaints or reports of alleged disability discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

**37.**   Defendant shall provide semi-annual reports for each six-month period following the entry of this Decree for the three-year duration of this Decree.  The reports shall be due 30 days following the respective six-month period, except the final report which shall be submitted to the Commission eight weeks prior to the date on which the Consent Decree is to expire.

**38.**   **Reporting Requirements**:  Each report shall provide the following information:

**38.1.   Complaints or Reports of Alleged Discrimination**

**38.1.1.**   For purposes of this Paragraph, the term "complaint or report of alleged discrimination" will include any written or verbal complaint or report made to a supervisor or manager, or of which a supervisor or manager is aware, which alleges discrimination, or the witnessing of discrimination, based on disability. The complainant need not invoke the terms "discrimination," "ADA," "disparate treatment," "violation," or "rights," etc.  Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination.  The report will include:

14

a.      The name, address, email address, and telephone number of each person making a complaint or report of disability discrimination to Defendant or to any federal, state, or local government agency;

b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident of alleged discrimination;

c.      A brief summary of each complaint or report, including the date of the complaint or report, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response, the name of the person who investigated or responded to the complaint, and what, if any, resolution was reached; and

d.      Copies of all documents memorializing or referring to the complaint or report, investigation, and/or resolution thereof, excluding any documents protected by the attorney-client privilege or work product doctrine.

**38.2.  Complaints or Reports of Retaliation**

**38.2.1.**      For purposes of this Paragraph, the term "complaint or report of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under the ADA or alleges retaliation for conduct which the Defendant recognizes or should have recognized as

15

protected activity under any federal anti-discrimination statutes even if the complainant does not use legal or technical terminology. The report shall include:

    a.    The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency;

    b.    The name, address, email address, and telephone number of each person identified as a potential witness to the incident of alleged retaliation;

    c.    A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

    d.    Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof, excluding any documents protected by the attorney-client privilege or work product doctrine.

**38.3. Reasonable Accommodation Requests, Procedures and Results**

    **38.3.1.**    The name, address, email address, and telephone number of each person making a request for accommodation to the Defendant.

**38.3.2.**      A brief summary of each request for accommodation, including the following: the date of the request; the person or persons to whom the request was made; the person or persons responsible for responding to the request; any effort to engage in the interactive process with the person requesting accommodation; what accommodation was requested; whether the requested accommodation was granted, and if not, an explanation of the reasons for denying the request; whether any other accommodation was provided, and if so, what accommodation was provided, and an explanation of the reasons for providing that accommodation.

**38.3.3.**      Copies of all documents memorializing or referring to the request for accommodation, investigation, and/or resolution thereof, including without limitation, any written report or documentation of the request, records compiled as part of the interactive process, and records documenting any investigation undertaken and/or accommodation provided, excluding any documents protected by the attorney-client privilege or work product doctrine.

**38.4.**      **Discharge, Discipline, or Failure to Hire Because of Disability**

The report should identify any applicants or employees who were discharged, disciplined, or not hired for any reason related to a disability or the need for accommodation, including the name, address, email address, and telephone number of each applicant or employee.

17

**38.4.1.**  The name, address, email address, and telephone number of each individual at Colorado Excavating who participated in the discharge, disciplinary action, or denial of hire.

**38.4.2.**  A brief summary of each employment action including the nature of the action, the date of the action, the positions held by each individual involved in the action, and the reasons for the action.

**38.4.3.**  Copies of all documents memorializing or referring to the employment action, investigation, and/or resolution thereof, excluding any documents protected by the attorney-client privilege or work product doctrine.

**38.5.** **Privilege Log**

**38.5.1.**  If any document or communication is withheld under a claim of attorney-client privilege or work product doctrine under Paragraphs 38.1.1(d), 38.2.1(d), 38.3.3, or 38.4.3 above, Defendant will provide a privilege log with the following information: (a) the date of the communication or document; (b) the individuals to whom and from whom the communication was made, that is, the author and all recipients (including copy recipients) of any written communication, and their positions; (c) a description of the nature and substance of the communication or document; (d) the identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof; (e) the number of pages of the document; (f) whether any non-privileged

or non-protected matter is included in the communication or document; and (g) the basis on which any privilege or other immunity is claimed and the basis to show that any privilege or immunity has not been waived.

**38.6.    Training**

    **38.6.1.**  For each training program required under Paragraphs 32.1 and 32.2 conducted during the reporting period, Defendant shall submit a registry of attendance.

    **38.6.2.**  For each training program required under Paragraphs 32.1 and 32.2 completed during the reporting period, Defendant will: (a) identify the vendor who facilitated the training; and (b) provide copies of the vendor's materials, the vendor's resume, the training materials, and the program agenda.

**38.7.    Posting of Notice:**  Defendant shall recertify to the Commission that the Notice required to be posted under Section F of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**38.8.    Policy Review and Creation:**  Defendant shall report on the status of the policies and the distribution of policies as required under Sections B, C, and D above.

**38.9.    Individual Relief:**  Defendant shall report on the status of the expungement as required by Paragraph 17.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**39.**     This Court shall retain jurisdiction of this cause for purposes of compliance with this

Decree and entry of such further orders or modifications as may be necessary or appropriate to

effectuate equal employment opportunities for employees.

**40.**     There is no private right of action to enforce Defendant's obligations under the Decree

and only the Commission may enforce compliance herewith.

**41.**     The Commission may petition this Court for compliance with this Decree at any time

during which this Court maintains jurisdiction over this action.  Should the Court determine that

Defendant has not complied with this Decree, appropriate relief,

including extension of this Decree for such period as may be necessary to remedy its non-

compliance, may be ordered.

**42.**     Absent extension, this Decree shall expire by its own terms at the end of the

48th month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

**43.**     With respect to matters or charges outside the scope of this Decree, this

Decree shall in no way limit the powers of the Commission to seek to eliminate employment

practices or acts made unlawful by any of the statutes over which the EEOC has enforcement

authority and which do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

**44.**     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

**45.**     Unless otherwise indicated, any notice, report, or communication required

under the provisions of this Decree shall be sent by certified mail, postage prepaid, or

by email as follows:

Laurie Jaeckel                                  David Gartenberg
EEOC - Denver Field Office                      Littler Mendelson P.C.
303 East 17th Avenue, Suite 410                 1900 Sixteenth Street, Suite 800
Denver, CO 80203                                Denver, CO 80202
lauren.jaeckel@eeoc.gov                         dgartenberg@littler.com

## XIII.  SIGNATURES

**46.**     The parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this 26th day of November, 2019.

BY THE COURT:

_____
Judge Daniel D. Domenico
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: _11/4/2019_

GOLLNICK CONSTRUCTION, INC. D/B/A
COLORADO EXCAVATING

By: _____
Cory Gollnick
Owner

Date: _11-4-2019_

APPROVED AS TO FORM:

_____
Laurie Jaeckel
EEOC - Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO 80203

Attorney for Plaintiff EEOC

_____
David Gartenberg
Littler Mendelson P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202

Attorney for Defendant

22

## EXHIBIT A

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in *EEOC v. Gollnick Construction, Inc. d/b/a Colorado Excavating* filed in the United States District Court for the District of Colorado, Civil Action No. 19-cv-02581-DDD-SKC.

Management of Colorado Excavating wishes to emphasize the company's policy and goal of providing equal employment opportunity in all of its operations and in all areas of employment practices.  Colorado Excavating seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of disability, race, color, religion, sex, pregnancy, national origin, age, or genetic information.

Pursuant to the Americans with Disabilities Act (ADA) it is unlawful for an employer to discriminate based upon the disability of an applicant or employee.  It is also unlawful for any employer to retaliate against an employee because he or she has requested accommodation for disability; opposed discriminatory employment practices; filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency; or participated in an investigation of a charge of discrimination.

Colorado Excavating has agreed in the Consent Decree to provide training regarding the ADA and other anti-discrimination laws for all employees, supervisors, and managers so that all employees will be informed of their rights to work in an environment that is free of discrimination.

Any employee who believes that he/she has suffered discrimination on the basis of disability, age, race, color, religion, sex, pregnancy, national origin, or genetic information has the right to contact the Denver Field Office of the Equal Employment Opportunity Commission (EEOC) directly at (303) 866-1300. You may also contact the Colorado Civil Rights Division (CCRD) at (303) 894-2997.

In compliance with federal law, no official at Colorado Excavating will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the three-year term of the Consent Decree.


COLORADO EXCAVATING


By:_____          _____
                                                                           Date